### ARONSON et al. v. ROGERS.
### No. 6187.
Circuit Court of Appeals, Third Circuit.

May 14, 1937.

THOMPSON, Circuit Judge, dissenting.

Arthur F. Egner, of Newark, N. J., for appellants.

Robert F. Darby and J. Henry Harrison, both of Newark, N. J., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and WELSH, District Judge.

BUFFINGTON, Circuit Judge.

In the court below the receiver of a failed bank sued and recovered judgment against six defendants, alleged guarantors, by a written agreement, of four notes made by Allsopp & Allsopp, Inc. Thereupon defendants appealed and the question involved is, as stated in their brief, "whether these defendants, under the facts of the case"—which are undisputed—"are liable on these notes."

On April 2, 1930 the guarantors, by written agreement, contracted with the bank for an advance of $25,000 to said Allsopp & Allsopp, "with the understanding that said extended credit, up to that sum, when taken from the bank, from time to time, will have the approval of the representative of the guarantors, Louis V. Aronson." The contract further provided: "This agreement shall remain in full force and effect until such time as the said Twenty-five thousand ($25,000.00) Dollars shall have been loaned to the said Allsopp & Allsopp, Incorporated, and until such time as said sum, or any portion of the same so loaned, shall have been fully repaid to the bank." In such contract the bank stipulated: "The bank hereby agrees that any loan made under this agreement shall be renewable at maturity for consecutive periods of three months each, up to a total of one year, upon payment to the bank of ten per centum of the amount of said loan and interest thereon. And the parties hereto mutually agree that such renewals and renewals of renewals shall continue under the terms and conditions of this agreement until the last outstanding note be fully paid." And the bank and the guarantors convenanted: "The guarantors and the bank hereby mutually covenant and agree that no liability shall attach under this agreement, until after a default by the said Allsopp & Allsopp, Incorporated, on moneys advanced under this agreement, shall operate to reduce, pro rata, the obligation of each of the several guarantors hereunder; and that any such partial loan shall not be extended or the said amount again reloaned after payment, except upon the certification to the bank, in writing, by Louis V. Aronson, to the effect that all of the guarantors herein named assent to said extension or reloaning."

The $25,000 was advanced, payments made thereon, and renewals thereof made, on which renewals Louis V. Aronson wrote his approval: "Approved: O. K. Louis V. Aronson." "Approved by Louis V. Aronson." The renewal notes sued on were made more than a year after the agreement of April 2, 1930.

The defendants denied liability, first, on the ground that the approval of Aronson was not in the form provided by the contract, viz.: "Upon the certification to the bank, in writing, by Louis V. Aronson, to the effect that all of the guarantors herein named assent to said extensions or reloaning." The trial judge held, and we think rightly, that the certification sufficiently complied with the language of the guaranty. He had written above his signature on the notes "approved" and "O. K." Both the word and the well-known initials signify affirmation. They, therefore, indicate that the action required by this agreement had been taken. To this we may add that Aronson was himself one of the guarantors, was his co-guarantors' then representative in the whole matter, and that in the nature of things he had the approval of his co-guarantors in renewing the note or he would not have signed himself and become sole guarantor.

But the defendants raise an additional defense, namely, that by the quoted clause the bank was restricted in its renewals to one year and then only if Allsopp paid 10 per cent. We cannot accede to this view. Manifestly the agreement of the bank was not a limitation of its right to grant extensions, but was an assurance to the guarantors that if payments of 10 per cent. were made on the notes, the bank would grant extensions up to one year.

Holding the trial judge made no error in his construction and application of the contract, we affirm the judgment entered below.

THOMPSON, Circuit Judge (dissenting).

The appellee brought suit upon a contract of guaranty alleging that the appellants were liable as guarantors upon four promissory notes. The pertinent clause of the contract of guaranty is as follows:

"The bank hereby agrees that any loan made under this agreement shall be renewable at maturity for consecutive periods of three months each, up to a total of one year, upon payment to the bank of ten per centum

of the amount of said loan and interest thereon. And the parties hereto mutually agree that such renewals and renewals of renewals shall continue under the terms and conditions of this agreement until the last outstanding note be fully paid."

" * * * any such partial loan shall not be extended or the said amount again reloaned after payment, except upon the certification to the bank, in writing, by Louis V. Aronson, to the effect that all of the guarantors herein named assent to said extension or re-loaning."

The appellants, guarantors, contend that the bank failed to comply with either of the conditions set out in the contract of guaranty. I think the following notations amounted to a certification by Aronson in writing to the effect that all of the guarantors named assented to the extension or re-loaning. The notations are:

"Approved: O. K.—Louis V. Aronson"

"Approved by: Louis V. Aronson"

"Approved: Louis V. Aronson"

"O. K. approved—Louis V. Aronson"

I find no error in the ruling of the District Judge that that was not a valid defence.

The other two requirements were that no renewal should be made by the bank unless the debtor reduced the amount of the note by 10 per cent. and unless the total renewals were limited to one year. The exhibits of the notes in suit disclose that in at least four cases the notes were renewed without any reduction in the principal amount of the debt and that the total renewals were for a period of more than one year. It was the right of the guarantors to insist that their contract of guaranty be strictly construed. The failure on the part of the bank to insist upon part payment prior to renewal was prejudicial to the guarantors. That is also true of the failure of the bank to require that the notes be not renewed for more than a year, since at that time the guarantors might conceivably have recouped their losses by proceeding against the principal debtor. I am of the opinion that the failure of the bank to comply with the requirements of the contract of guaranty was a valid defense and that the judgment of the District Court should be reversed.